**UNITES STATES DISTRICT COURT DISTRICT OF OREGON**

--------------------------------------------------------------------------------*

FILED26 OCT '26 10:52USDC-ORP

**William Frank Osborne**

**Plaintiff**

**v.**

**Tina Kotek, in her official capacity as Oregon Governor, Ellen Rosenblum in her official capacity as Oregon Attorney General, Dan Rayfield in his official capacity as Oregon Attorney General, Eva Temple in her official capacity as Oregon Judge, Dylan Hallman in his official and individual capacities as Senior Assistant Attorney General, Daniel Toulman in his official and individual capacities as Assistant Attorney General, Erin Reyes in her official capacity as Two Rivers Correctional Institution's Superintendent, Amber Sunquist in her official capacity as Deer Ridge Correctional Institution's Superintendent, State of Oregon; Does # 1-10**

**Defendants**

--------------------------------------------------------------------------------*

**CIVIL ACTION** No.

**3:26-cv-01551-MC**

**AMENDED CIVIL COMPLAINT**

**DEMAND FOR JURY TRIAL pursuant to Fed.R.Civ.P 38.**

**COMPLAINT; DECLARATORY JUDGMENT RELIEF, MOTION FOR PRELIMINARY INJUNCTION; MOTION TO VACATE JUDGMENT; OTHER RELIEF FOR DAMAGES**

## I JURISDICTION AND VENUE

This court has federal question jurisdiction pursuant to 28 U.S.C.§1331; declaratory judgment relief jurisdiction pursuant to 28 U.S.C.§§2201-02 (declaratory jurisdiction act); injunctive relief pursuant to 28 U.S.C. § 1292(a), and *Osborne v. Reyes* 24cv40198, Fed.R.Civ.P.. 57 and 65; along the equitable powers of federal courts.

Additionally, action for damages, as well as injunctive and declaratory judgment relief is pursuant to: (i) United States Constitution's Supremacy Clause and the 14th Amendment; (ii) 42 U.S.C.A. §§1983,1985 and 1986; (iii) Ex Parte Young as Federal law; iv) additional United States law established by US Supreme Court opinions; (v) Federal law precedent established by federal appeals court opinions; vi) Oregon law established by the Oregon Supreme Court opinions; (vi) Oregon Rules of Professional Conduct for Oregon officers of the court and ODOC Code of Ethics for employees so employed.

Plaintiff invokes 42 U.S.C.A. §§1983,1985 and 1986; 42 U.S.C.A. §12188(a)(2), (b)(2)(4), the Americans with disabilities Act (ADA), to vindicate rights secured by the Fourteenth Amendment to the United States Constitution.

This court has jurisdiction over the State of Oregon pursuant to 28 U.S.C.A. §1367.

Venue is proper pursuant to U.S.C.§1391(b)(c) because events giving rise to this action occurred in the Federal District of the State of Oregon.

## II STANDING

The obligations, of which defendants are under, is to promote the interest of all, and to prevent the wrongdoings that result in injury to the general welfare. This obligation is often of itself sufficient to give it a standing in court. *Ex parte Young* 28 S.Ct. 441, 470 (1908). Plaintiff has standing since a constitutional injury is presently being inflicted. *Susan B. Anthony List v. Dreihaus* 573 US 149 (2014); *Sheffel v. Thompson* 415 US 452 (1974). "The traditional bases [sic] for injunctive relief are irreparable injury and inadequacy of legal remedies", *Amoco Prod. Co. v. Village of Gambell* 405 US 531, 542 (1987).", *Idaho Watershed Project v. Hahn* 307 F.3d 815, 833 (9th Cir. 2002).

Moreover, "A § 1983 claim must state that appellant was deprived of liberty under color of law and in violation of a constitutional right, although a pro se claim must be liberally construed. *Bretz v. Kelman,* 773 F.2d 1026, 1030 (9th Cir.1985) (en banc).", *Funderburk v. Rowland* 878 f.2d 1438, 1 (9th Cir. 1988)

The Eleventh Amendment allows suits against state officials when the suit challenges the constitutionality of the official's action. *Ex parte Young* at 125-125; *Alden v. Maine* 527 US 706, 119 S.Ct. 2240, 144 L.Ed. 2d 636 (1999). Immunity is not a defense from liability. *Mitchell v. Forsyth* 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (2022).

## III REQUIREMENTS FOR PRELIMINARY INJUNCTIVE RELIEF and DECLARATORY JUDGMENT RELIEF

***likelihood of success***

The likelihood of prevailing is substantial because:

1) As a qualified disabled US Citizen, plaintiff has US Constitutional and ADA rights and protections. Plaintiff seeks his US Constitutional civil right, i.e. lawful enforcement of 426.130§(1)(a)(A), pursuant to the equal protection clause of the Fourteenth Amendment and the ADA, rights which has been voided by defendants;
2) Elements of ORS 426.130§(1)(a)(A), necessary for its enforcement, were affirmatively satisfied by *Osborne v. Reyes* 22cv38171 and, the State of Oregon (through defendants as agents representing the state), acknowledged elements satisfied;
3) ORS 426.130§(1)(a)(A), as well as favorable caselaw establishing consistent prior enforcement of ORS 426.130, affirm a court is required to enforce ORS 426.130 upon its satisfaction. Again, defendants as state agents previously admited this statute compels a court to act;
4) Refusal to equally enforce (i.e. arbitrary enforcement) ORS 426.130 violates the equal protection clause of the 14th Amendment;
5) Deprival of the opportunity to participate in benefitting from ORS 426.130 enforcement is disability-based discrimination, violating Title II, ADA. Under Title II, petitioner is lawfully owed the opportunity to participate in disability relief pursuant to ORS 426.130. Title II specifically calls out unlawful actions of public entities, 42 U.S.C. §12131 (1990). Thus, the state

as a public entity can be held responsible for its collective action or inaction. *Tennessee v. Lane* 541 US 509, 524-526 (2004).

6) Plaintiff is not only lawfully entitled to relief requested pursuant to the equal protection clause, but also owed this right under Title II;
7) ORS 34.610§(2) further supports release since "some act" (i.e. 426.130§(1)(a)(A) satisfaction) allows discharge from confinement. Moreover, no mechanism exists within Oregon law which can lawfully halt enforcement of 426.130§(1)(a)(A) upon its satisfaction;
8) Thus, a purpose of this complaint is to compel enforcement of the State of Oregon's own disability relief statute. *Maine v. Taylor* 477 US 131, 137 (1986).

This matter is before this court only because defendants' color of law abuse of power deprived plaintiff of his equal protection, due process and ADA rights. "[I]ncarceration does not divest prisoners of "constitutional protections.", *Johnson v. California* 125 S.Ct. 1141, 1160 (2025), such as Equal Protection Under the Law.

***Irreparable Harm***

Plaintiff is entitled to statutory relief pursuant to affirmative satisfaction of 426.130§(1)(a)(A) elements, Or.Const.Art. I § 20, the federal equal protection clause of the 14th Amendment, and as a disabled citizen plaintiff is also protected by the ADA. Plaintiff has suffered (and likely will continue to suffer without injunctive relief) substantial and irreparable harm each day he remains unlawfully restrained of his liberty, a consequence of being deprived of his federal civil rights by defendants. He is wrongly incarcerated, separated from: his family, community and employment, and denied the opportunity to seek needed medical care which presently (under incarceration) is either unavailable or denied.

Thus, injury is presently being inflicted. *Susan B. Anthony List* at 149, and injunctive relief is the only remedy for irreparable injury and inadequacy of legal remedies. *Amoco Prod. Co.* at 542. *Idaho Watershed Project* at 833. *Ex parte Young* at 470. *Winter v. NRDC Inc*, 557 US 7, 20, 129 S.Ct. 365, 374 (2008).

Petitioner's injury is due to defendants' ongoing color of law deprival of his US Constitutional rights and ADA rights which continue unnecessarily and unlawfully restrain his liberty, causing emotional distress, separation from family and financial hardship and other injuries to be proven at trial.

A preliminary injunction for relief has already been submitted to address this irreparable harm. Affirming injunctive relief will halt prior courts' error that as a prisoner plaintiff retains constitutional and ADA protections. *Johnson* at 1160. Moreover, plaintiff has already been prejudiced by defendants' pattern of fraudulent misrepresentations of 426.130§(1)(a)(A) in previous proceedings. Therefore, plaintiff also seeks declaratory judgment relief to halt defendants' misrepresentations and to establish what the Oregon Legislature actually enacted in ORS 426.130. Plaintiff thus also seeks vacating *Osborne v. Reyes* 24cv40198 that was based upon fraud. See also Note 4.

***Balance of equities***

The balance of equities strongly favors petitioner. He seeks his Equal Protection Under the Law as well as ADA rights by equal enforcement of ORS 426.130 §(1)(a)(A), of which he is entitled. Moreover, enforcement of ORS 426.130 imposed no cognizable burden upon any defendant or any government agency. Neither does compliance with the Oregon and US Constitutions, the ADA, or ORS 426.130 itself impose any cognizable harm or expense to any defendant, court or government, but rather benefits the State of Oregon in that it relieves the financial burden of unlawful incarceration.

***Public interest***

The public interest strongly favors plaintiff, having a compelling interest to ensure the State of Oregon, as a state of the United States of America, obey the United States Constitution, as well as the ADA, by enforcing its own disability relief statute. Plaintiff is statutorily, and constitutionally entitled to relief. Defendants' color of law deprival of plaintiff's federal civil rights undermined the rule of law. Thus, release, as well as injunctive and declaratory judgment is warranted. The public has a compelling interest in i) avoiding unnecessary expenses for unlawful incarceration; ii) halting defendants' abuse of their official offices, under color of law, to undermine public confidence in both the State and state courts; iii) ensuring fair and equitable administration of justice; iv) continued enforcement of the State of Oregon's own statutes; v) The State benefitting from fraud pled to courts by defendants sets a dangerous precedent for future fraud, disregard of law and of judicial ethics, again undermining public confidence.

The State of Oregon should not be permitted to benefit from color of law abuse of power, or fraud, or ignore constitutional or ADA rights, or disregard the US Supreme Court or discriminate against a disabled US citizen, or arbitrarily refuse to enforce one of its own laws Should the state court's unreasonable deprival of constitutional rights be not remedied, every US citizen is at jeopardy of his constitutional rights stripped capriciously by state courts' color of law abuse of discretion and disregard of the US Constitutional and ADA rights.

## IV PARTIES

*Plaintiff,*

William F. Osborne is a citizen of the United States of America, presently incarcerated by the State of Oregon at Deer Ridge Correctional Institution, Madras, Jefferson County, Oregon. He has been diagnosed multiple times with mental illness, as well as physical disabilities.

*Defendants,*

Defendant Tina Kotek is Governor of Oregon. She has the constitutional and statutory authority and duty to direct, supervise and control the executive branches of the State of Oregon, which includes Oregon Department of Corrections (ODOC). She acted under color of law for the purposes of 42 U.S.C.§§1983, 1985, 1986 and the ADA. She is sued in her individual and official capacities.

Defendant Dan Rayfield is Attorney General for the State of Oregon. He is sued in his individual capacity. He has the constitutional and statutory authority and duty to direct, supervise and control the Oregon Department of Justice of the State of Oregon, which includes actions by defendants Hallman and Toulman, and pleadings submitted to courts in defense of defendants Reyes and Sunquist. He acted under color of law for the purposes of 42 U.S.C.§§1983 and 1985. He is sued in his individual capacity.

Defendant Ellen F. Rosenbaum is/was Attorney General for the State of Oregon. She has/had the constitutional and statutory authority and duty to direct, supervise and control the Oregon Department of Justice of the State of Oregon, which includes actions of defendant Hallman, and pleadings submitted to courts in defense of defendant Reyes. She acted under color of law for the purposes of 42 U.S.C.§§1983 and 1985. She is sued in her individual capacity.

Defendant Eva Temple is Umatilla County Circuit Court (6th Judicial District) Judge for the State of Oregon. She has authority to oversee court proceedings and has duty as an Oregon judge to fairly and effectively administer justice. She acted under color of law for the purposes of 42 U.S.C.§§1983, 1985 and the ADA. She is sued in her individual and official capacities.

Defendant Dylan Hallman (OSB Bar # 173679) is a Senior Assistant Attorney General, employed by the Oregon Department of Justice and under the supervision of the Attorney General. He has a duty to

obey the Oregon Rules of Professional Conduct and not commit fraud upon courts as an Oregon attorney. He acted under color of law for the purposes of 42 U.S.C.§§1983 and 1985. He is sued in his individual capacity.

Defendant Daniel Toulman (OSB Bar # 115367) is an Assistant Attorney General, employed by the Oregon Department of Justice and under the supervision of the Attorney General. He has a duty to obey the Oregon Rules of Professional Conduct and not commit fraud upon courts as an Oregon attorney. He acted under color of law for the purposes of 42 U.S.C.§§1983 and 1985. He is sued in his individual capacity.

Defendant Erin Reyes is the Oregon prison superintendent for Two Rivers Correctional Institution (TRCI) and responsible for all activities within TRCI. She acted under color of law for the purposes of 42 U.S.C. §§1983 and 1985. She is sued in her individual capacity.

Defendant Amber Sunquist is the Oregon prison superintendent for Deer Ridge Correctional Institution (DRCI and responsible for all activities within DRCI. She acted under color of law for the purposes of 42 U.S.C. §§1983 and 1985. She is sued in her individual capacity.

## V INTRODUCTION AND HISTORY

***"Equal opportunity to participate in the fair administration of justice is fundamental to our democratic system.",*** *J.E.B. v. Alabama ex rel. T.B.* 511 US 127, 145 (1994) (emphasis added).

The conduct alleged herein was done in reckless disregard to petitioner's ADA and US Constitutional rights, to the fair administration of justice and the required decorum of the legal and ODOC professions, justifying injunctive and declaratory relief as well as an award of punitive and compensative damages against the individuals named as defendants for incurred and to prevent future abuse of power.

Pursuant to *Ex parte Young* (see Note 3), plaintiff seeks preliminary injunctive relief for ongoing violations of federal rights, ADA rights, and statutes by defendants' alleged conspiracy to interfere with plaintiff's federal civil rights. *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019). Without immediate injunctive relief, petitioner is at jeopardy of continued injury by deprival of constitutional rights, irreparable harm directly tracible to defendant's actions (or inaction). Injury and risk of further injury can be halted by an injunctive order to release plaintiff. *Sheffel* at 459. No adequate remedy of law exists to stop ongoing injury short of injunction.

Declaratory judgment is necessary to protect plaintiff's federal due process rights from defendants renewing their pattern of fraudulent misrepresentation regarding ORS 426.130 statute text:

1) A commitment element for ORS 426.130§(1)(a)(A) does not exist;
2) ORS 426.130 is enforceable Oregon State law, subject to the Equal Protection Clause.
3) ORS 426.130 compels a court to act and provide relief.

This matter arises <u>only</u> because defendants are implicated in refusing to enforce one of the State of Oregon's own disability relief statutes. *Maine v. Taylor* at 137; where defendants are "state officials most responsible for enforcing the law in question and seek injunctive or declaratory relief against them.", *Ex parte Young*, at 159–160. Thus, are sued in their individual capacities for violations of federal law, which includes plaintiff's due process, equal protection and ADA civil rights, but also sued in their official capacities for injunctive relief. Defendants assumed because plaintiff is disabled and incarcerated, he could be treated in an arbitrarily and capricious manner, unable to vindicate his rights.

Plaintiff is a prisoner of the State of Oregon, having multiple diagnoses of mental illness sufficient for the state habeas corpus court to rule: "There has been clear and convincing evidence the plaintiff suffers from … PTSD.", *Osborne v. Reyes* 24cv38171 3. Since the State of Oregon recognizes PTSD as SPMI or Serious Persistent Mental Illness (see Note 1), habeas judgment affirmatively satisfied statutory elements of ORS 426.130§(1)(a)(A) necessary for its enforcement.

Plaintiff sought to compel the court to enforce ORS 426.130 by mandamus petition (*Osborne v. Reyes* 24CV40198 (2025)), based upon habeas corpus opinion satisfying ORS 426.130, establishing his right to relief. It is noteworthy that defendants admit that elements of ORS 426.130§(1)(a)(A) were satisfied by habeas judgment. See Count 1, paragraph 1.

However, plaintiff's federal due process rights were repeatedly denied, trampled, ignored and/or interfered with by defendants, resulting deprival of his federal 14th Amendment rights to equal protection under the law and due process, as well as ADA rights, by refusing to enforce ORS 426.130.

Defendants Rosenblum, Rayfield, Reyes, Sunquest, Hallman and Tolman exhibited a conspiratorial pattern of fraudulent misrepresentations of ORS 426.130 statute text they pled to courts, prejudicing plaintiff. See Note 3. This obvious fraud was ignored by defendant Temple, and in fact she partly based judgment upon fraud (basis for declaratory judgment relief). Defendants further prejudiced plaintiff by introduction of immaterial facts as defenses to obfuscate attention from the fundamental fact that pursuant to satisfaction of ORS 426.130, plaintiff is entitled to statutory disability relief.

Defendant Temple, sworn to defend and protect the US Constitution as state judge, deprived petitioner of his federal due process civil right by openly acting as defense advocate, and further deprived plaintiff of his federal 14th Amendment equal protection civil right by refusing to enforce an affirmatively satisfied Oregon statute,

Defendant Kotek, as Oregon governor, refused to prevent injury to plaintiff, despite knowledge of ongoing injury, her power as governor to act, and sworn duty to uphold the US Constitution (which includes 14th Amendment civil rights and the ADA) to prevent injury.

Under color of law through abuse of trust empowered upon them as public servants, defendants violated Or.Const.Art. I§§ 1 and 10, as well as plaintiff's US Constitutional and ADA rights through interference, obfuscation, misrepresentations.

Deprived of his federal civil rights of due process and equal protection under the law, by defendants, plaintiff appealed, first to the Oregon Supreme court (*Osborne V. Reyes* 374 Or. 188 575 P.3d 134 (2025), which was quickly dismissed without comment and then to the US District Court *Osborne v. Sunquist* 3:25-cv-01304-HZ (2025). (note name change due to the State of Oregon moving plaintiff to a different prison, but still remains unlawfully restrained of liberty). The District Court acknowledged plaintiff had sought court enforcement of ORS 426.130§(1)(a)(A), undermining defendants' (defendant Temple as defense advocate) claim he had sought enforcement of the statute through a prison superintendent, but otherwise ignored plaintiff's pleadings, which included favorable US Supreme Court opinions.

Defendants are officials/officers of the State of Oregon, and thus officially represent the state pursuant to the ADA. Title II, imposes an affirmative obligation upon state and local governments to make its programs and services available to disabled individuals. Furthermore, a public entity may not disregard the plight or distress of a disabled individual. 42 U.S.C.A. § 12131(2); 28C.F.R.§35.150(a); *Alexander v. Cholate* 469 US 287, 295 (1985). Plaintiff was in distress upon satisfaction of ORS 426.130 because thereafter he was unlawfully restrained of his liberty. Defendants Kotek and Temple in particular had knowledge of distress, the duty pursuant to ADA to act and, had the power to relieve distress. They

refused with clear knowledge (as any competent official would know) that plaintiff was being denied not just US Constitutional rights but also ADA rights.

Plaintiff therefore seeks punitive and compensatory damages against defendants, sued in their individual capacity for:

- Deprival of US Constitutional civil rights pursuant to 42 U.S.C.A. §1983;
- Conspiracy to interfere with civil rights pursuant to 42 U.S.C.A. §1985;
- Failure to prevent injury pursuant to 42 U.S.C.A. §1986;
- ADA discrimination for refusal to recognize court determination of mental illness pursuant to ORS 426.130§(1)(a)(A) entitles plaintiff, as a court-determined mentally ill person, his ADA right to relief.

Plaintiff further seeks injunctive relief against defendants, sued in their official capacity for:

- Emergency release from confinement because pursuant to ORS 426.130§(1)(a)(A), where enforcement is nondiscretionary, i.e. the court SHALL order relief.

Plaintiff further seeks declaratory judgment relief against defendants, sued in their official capacity to:

- Prevent plaintiff being again prejudiced by defendants' renewal of their pattern of fraudulent misrepresentations of ORS 426.130§(1)(a)(A) statute text;
- Discourage state officials/officers/employee casual disregard of the Rules of Professional Conduct, Code of Ethics, the rule of law, US and Oregon Constitutions, to undermine the fair and efficient administration of justice.

Plaintiff therefore seeks restoration of his constitutional and ADA rights, compensation for damages and to discourage future misconduct by defendants, but also to ensure the State of Oregon's own statutes are enforced pursuant to the 14th Amendment. *Maine* at 137.

## VI FACTS

- Plaintiff's state habeas corpus judgment ruled "There has been clear and convincing evidence the plaintiff suffers from … PTSD.", *Osborne v. Reyes* 24cv38171;
- The State of Oregon recognizes PTSD as a Serious Persistent Mental Illness. See Note 1;
- Plaintiff sought mandamus relief as *Osborne v. Reyes* 24cv40198, to compel the court to enforce ORS 426.130 as Oregon law after his state habeas corpus judgment satisfied the statute;
- Defendant Temple presided as judge over the aforementioned mandamus case;
- Defendants Rosenblum, Rayfield, Hallman and Toulman are officers of the court, subject to the decorum required of attorneys and ORPC, and acted as State of Oregon agents as defendant Reyes' counsels;
- Aforementioned defendants pled contrived facts regarding the law pursuant to ORS 426.130 absent from the Oregon legislature's construction of the statute;
- Defendant Temple allowed defendants' alteration of statute text to deny mandamus relief;

- Plaintiff appealed, first to the Oregon Supreme Court (*Osborne V. Reyes* 374 Or. 188 575 P.3d 134 (2025)), which was quickly denied, and then to the US District Court (*Osborne v. Sunquist* 3:25-cv-01304-HZ (2025));
- Defendants Rayfield and Toulman were officers of the court and acted as State of Oregon agents as defendant Sunquist's counsels in federal court;
- The District Court ignored favorable state and federal caselaw, including Supreme Court opinions, and in fact everything pled by plaintiff as a prisoner, to deny relief. The District Court did acknowledge the State Court's plain error regarding duty, i.e. plaintiff sought court (not defendant) relief but dismissed the case anyway;
- Petitioner appealed to the 9th Circuit Court of Appeals (*Osborne v. Sunquist* 26-177) but upon mere notification of an appeal to the court, it replied no further pleadings (plaintiff had yet to plead his case) would be considered and all attempts to communicate with the court went unanswered until denial.

Regardless of deprival of rights by courts, plaintiff has been deprived of his US Constitutional and ADA rights. Unlawful and unnecessary constitutional and ADA injury continues while he remains unlawfully restrained of his liberty.

## VII CAUSES OF ACTION

### COUNT I

*42 U.S.C. §§ 1983, 1985, 1986, Fed.R.Civ.P.* 60

***Violation of the 14th Amendment Basis for Injunctive and Declaratory Judgment, Vacating Judgment***

**(Against Defendants Rosenblum, Rayfield, Hallman, Toulman, Temple, Reyes, Sunquist)**

Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

Plaintiff's state habeas corpus judgment (*Osborne V. Reyes* 22cv38171 (2024)) satisfied ORS 426.130 §(1)(a)(A) since the State of Oregon recognizes PTSD as a serious persistent mental illness (SPMI). See Note 1. Upon satisfaction, ORS 426.130§(1)(a)(A) is nondiscretionary, requiring a court "Shall" order release from custody (see Note 2. – statute text). Defendants have already conceded 1) "… parts of the statute are arguably satisfied here based on the Court's opinion in the habeas corpus matter", exhibit C p.2, and 2) "ORS 426.130 compels Oregon trial courts to act", exhibit E p.2.

Despite aforementioned admissions, named defendants conspired to deprive plaintiff of his statutory right to relief. As a direct and proximate consequence of defendants' unlawful actions, plaintiff suffered damages, including violation of US Constitutional and ADA rights, unlawful restraint of liberty, emotional distress, loss of wages, and other damages to be proven at trial.

Plaintiff seeks preliminary injunctive relief to stop defendants' ongoing injury, sued in their official capacity. Defendants have collectively and intentionally refused their affirmative obligation to obey law, constitutions, ORPC, ADA and protect constitutional rights of plaintiff. This obligation is sufficient to give it a standing in court. *Ex parte Young* at 470. Moreover, since a constitutional injury is presently being inflicted, injunction is the affirmative remedy. *Susan B. Anthony List* at 149; *Sheffel* at 459. "The traditional bases [sic] for injunctive relief are irreparable injury and inadequacy of legal remedies", *Idaho Watershed Project v. Hahn* 307 F.3d 815, 833 (9th Cir. 2002) quoting *Amoco Prod. Co.* at 542.

Thus, defendants are sued in their official capacities for injunctive relief, for plaintiff's immediate release from state custody while this matter is decided by the court. See also: Section III Requirements for Preliminary Injunctive Relief and Declaratory Judgment Relief section.

Petitioner seeks declaratory judgment relief to stop defendants' pattern of fraudulent misrepresentations of ORS 426.130 statute text prejudicing him. Defendants fraudulently misled courts by alleging nonexistent language, i.e. not enacted by the Oregon Legislature, for ORS 426.130§(1)(a)(A), claiming a new element (prior commitment) had not been satisfied. Defendants pled: "Or.Rev.St.§ 426.130 applies to someone in custody pursuant to civil commitment", and, "that statute applies, when a party initiated civil commitment proceedings [, requiring a court determine] if facts outlined in applicable statutes for civilly committing someone have been met". Commitment is not even mentioned in the material subparagraph. See Note 2 for statute text.

**Misrepresentation** may include "an affirmative misstatement, an intentional failure to disclose material facts that may or may not have been intended to deceive, or a combination of both.", *In re Hiller,* 298 Or. 526, 532–33, 694 P.2d 540 (1985). *In re Conduct of Magar* 296 Or. 799, 813 (1984). Since commitment is utterly absent from §(1)(a)(A), it cannot lawfully contain any element referencing commitment. *Taylor v. Taylor*, 70 Or. 510, 525 (1914). Defendants Rosenblum, Rayfield, Hallman and Toulman knew, as competent attorneys would know, they have a professional and ethical duty to refrain from submitting fraudulent pleadings to courts. See e.g. ORCP 8.4.

Likewise, defendants Reyes and Sunquest, as employees of ODOC, and thus under contract (DOC Policy 40.1.2 CD 1382), knew or should have known as competent prison superintendents, they have a professional duty to be honest and obey law, particularly deceiving the court. Plaintiff was thus prejudiced by unlawful deprival of due process. Trial Judge defendant Temple allowed defendant fraud, violating ORS 174.010, Or.Const.Art. III§1, as well as plaintiff's US Constitutional Right to due process and equal protection under the law. A court may not "enlarge or limit the terms of a legislative enactment.", *U. of O. Co-Oper. v. Dept. of Revenue* 273 Or. 539, 550, 542 P.2d 900 (1975).

Petitioner also seeks the court vacating of the *Osborne v. Reyes* 24cv40198 state mandamus decision pursuant to Fed.R.Civ.P. 60(b)(3) because defendant Temple's (as trial judge) judgment was based upon defendants' clear fraud. Judgment based upon fraud is subject to reversal <u>at any time</u>. *Dixon v. C.I.R.* 316 F.3d 1041, 1046 (9th Cir. 2003).

**COUNT 2**

*42 U.S.C. §§ 1983, 1985, 1986*

***Violation of the 14th Amendment Basis for Damages***

**(Against Defendant Temple)**

Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

As judge for *Osborne v. Reyes* 24cv40198, under color of law defendant Temple intentionally abused and exceeded her authority as judge, depriving plaintiff of his US Constitutional rights. Despite the facts i) plaintiff was denied appointment of council by defendant Temple; ii) plaintiff presented oral arguments at all hearings; iii) and ALL court records affirm plaintiff lacked attorney representation, defendant Temple ruled "Relator had an attorney [and therefore] relator's writ is barred", exhibit B p.3. Defendant Reyes <u>never</u> plead as a defense plaintiff lacked an attorney. A State judge lacks immunity and thus can be sued when acting outside the scope of her judicial authority. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 **U.S.** 247, 254, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011). This defense came exclusively from

defendant Temple acting as defense advocate, depriving plaintiff of his US Constitutional right of due process inasmuch:

- Basing judgment upon an unpled defense violates federal due process. *State v. Nascimento* 360 Or. 28, 37, 379 P.3d 484, 489 (Or. 2016);
- Defendant Temple failed to provide any fact on record as a basis for her judgment, violating due process. *Dayton Heidelberg Distributing Co., Inc. v. Vineyard Brands Inc.* 74 Fed.Appx. 509, 515 (6th Cir. 2003); *Williams* at 571; McLean v. Porter 148 Or 262, 271 35p.2d 664;
- Judgment contradicting all facts on records violated federal due process. Fed.R.Civ.P. 52(a)(6); *Turner v. US* 699 F.3d 578, 584 (1st Cir. 2012));
- Plaintiff was taken by surprise by this new defense, not disclosed prior to judgment, a substantial abuse of power and discretion, i.e. "outrageous governmental conduct", *US v. Russell* 411 US 423 (1973). *State v. Brown,* 310 Or. 347, 356, 800 P.2d 259 (1990); *State v. Burgess*, 352 Or. 499, 504, 287 P.3d 1093 (2012); *In re Dubuff* 370 Or 720, 727, 525 P.3d 62 (2023); ABA Model Rules, Rule 3.4(b), Comment [1] (2019)".

Defendant Temple had a judicial and professional sworn duty (ORS 1.212) to support both the US and Oregon Constitutions, and an ethical duty to uphold standards established by the Oregon Rules of Professional Conduct, but appears to have a fundamental unawareness of her professional duties as judge. Plaintiff confronted her regarding her unfair, secret judgment at hearing. Plaintiff's oral argument was interrupted by defendant Temple in order to contradict her sworn judgment, now claiming she never thought plaintiff had an attorney, *Motion to Stay Judgment Hearing Audio Recording*.

As a direct and proximate consequence of defendant's unlawful actions and abuse of judicial discretion, plaintiff suffered damages, including violation of US Constitutional rights, unlawful restraint of liberty, emotional distress, loss of wages, and other damages to be proven at trial.

These violations are compensable under 42 U.S.C.A. §§1983, 1985 and 1986 of which plaintiff seeks judgment against defendant Temple sued in her individual capacity.

**COUNT 3**

***42 U.S.C. §§ 1983, 1985, 1986, ADA***

***Violation of Rights, Basis for Damages***

**(Against Defendant Kotek)**

Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

Title II, ADA imposes an affirmative obligation upon state governments to ensure that its services and programs are available to the disabled. The Osborne v. Reyes 22cv38171 opinion established plaintiff is qualified disabled, inasmuch mental illness is a qualified disability under both state law and the ADA. Moreover defendants, as agents of the State of Oregon, acknowledged ORS 426.130§(1)(a)(A) is satisfied, and satisfaction entitles plaintiff to statutory disability relief. Thus, under Title II, plaintiff is owed the opportunity to participate (and benefit) from a legislatively enacted law intended for all citizens.

Defendant Kotek, as Oregon's Governor, represents the State of Oregon. Moreover, "The Supreme Court, Justice Scalia, held that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action for damages against the States for conduct that actually violates the Fourteenth Amendment.", *U.S. v. Georgia* 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006). The

Supreme Court further held: "Title II validly abrogated state sovereign immunity with respect to both equal protection and due process claims", *Tennessee v. Lane* 541 U.S. 509, 514, 124. S.Ct. 1978, 1983, 158 L.Ed.2d 820 (2004) (emphasis added).

Defendant Kotek had knowledge of deprival of constitutional and ADA rights and the undue hardship of unlawful confinement, being made aware by plaintiff submitting an executive clemency petition, describing deprival of constitutional and ADA rights. Defendant Kotek further had the authority as governor to act and the duty to defend and protect US Constitutional rights, as well as the duty to ensure plaintiff is not deprived of his ADA rights. *Alexander v. Cholate* 469 US 287, 295 (1985). However, defendant Kotek shirked her duty and denied clemency, failing to halt ongoing injury, one known to continue without intervention. Failure to make reasonable accommodations, particularly since enforcement of ORS 426.130, upholding the US Constitution and the ADA, for this case imposed no burden upon defendants or any State agency. Courts recognize a failure to make reasonable accommodations is *disability-based discrimination*. *Mena v. Massie* No. 19-15214 p.2 (9th Cir. 2020).

Defendant's conduct violated clearly established federal law and rights of which she knew or which a reasonable Oregon governor should have known. As a direct and proximate consequence of defendant's unlawful actions, plaintiff suffered damages, including violation of US Constitutional and ADA rights, unlawful restraint of liberty, emotional distress, loss of wages, and other damages to be proven at trial.

These violations are compensable under 42 U.S.C.A. §§1983,1985 and 1986, 42 U.S.C.A.§ 12133 subject to 42 U.S.C.A. § 12132, for which plaintiff seeks judgment against defendant Kotek sued in her individual capacity.

**COUNT 4**

***42 U.S.C. §§ 1983, 1985, 1986***

***Violation of the 14th Amendment Basis for Injunctive and Declaratory Judgment, Vacating Judgment and Damages***

**(Against Defendant Temple)**

Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

Under color of law defendant Temple abused her discretion as judge for *Osborne v. Reyes* 24cv4098 by knowingly ignoring both State and federal Supreme Court cases favorable to plaintiff. She intentionally misapplied laches as an incorrect legal standard, depriving plaintiff of federal due process as well as equal protection under the law.

Background: Plaintiff was prejudiced by prison-supplied misinformation. This fact was never disputed by defendants. The result was plaintiff delayed in filing to the correct court. Defendant Temple allegedly intentionally ignored plaintiff's pleadings:

1) Prison-supplied misinformation prejudices a prisoner. *Lewis v. Casey* 518 U.S. 343, 351, 116 S.Ct. 2174, 2180 (1996);

2) Laches requires defendant prove both unreasonable delay AND prejudice resulting from delay. *Danjaq LLC v. Sony Corp.*, 263 F.3d, 942, 955 (9th Cir 2001)). In fact, material prejudice is "essential to a laches defense", *A.C. Auckerman Co. v. R.L. Chaides Const. Co.* 960 F.2d 1020, 1033 (9th Cir. 1992). Neither material elements were even pled;

3) Plaintiff was prejudiced by this improperly presented claim. *Coleman v. Thompson* 501 US 722, 750, 115 L.Ed. 2d 640 (1991;

4) Rules concerning pleadings (i.e. laches) "should not be permitted to defeat a party's right", *Perkins v. Standard Oil Co.*, 235 Or. 7, 19 (1963);
5) Application of laches requires a court determine if defendant suffered prejudice. *State v. Peekema* 328 Or 342, 346 (1999). The court made no such determination;
6) Misinformation, regardless the source, is an "excusable delay", *Duncan v.* Augter 286 Or. 723, 731, 596 P.2d 555, 559 (1979);
7) Misapplication of laches is intrinsically harmful and an "abuse of discretion", Neder v. US 127 US 1, 119 S.Ct. 1827, 1830, 144 L.Ed. 2d. 3 (1989).

Aforementioned caselaw was pled by plaintiff, providing defendant Temple no excuse to be willfully blind to favorable higher court caselaw, depriving plaintiff of his federal right of due process (see also oath: ORS 1.212). Nevertheless, defendant Temple disregarded the rule of law, constitutions and her sworn duty in order to misapply laches, depriving plaintiff of his US Constitutional due process right. A State court's defiance of Supreme Courts is a trespass against the law, a deprival of due process.

Defendant Temple's conduct violated the decorum required of a judge as well as clearly established federal law and rights, of which she knew or which a reasonable Oregon judge should have known.

As a direct and proximate consequence of defendant's unlawful actions, plaintiff suffered damages, including violation of US Constitutional rights, unlawful restraint of liberty, emotional distress, loss of wages, and other damages to be proven at trial.

These violations are compensable under 42 U.S.C.A. §§1983,1985 and 1986, for which plaintiff seeks judgment against defendant Temple sued in her official and individual capacities.

## COUNT 5
### *42 U.S.C.A. §§ 12112(a), 12182, 12202, 12131-12134*
### *Violation of the Americans with Disabilities Act for Injunctive Relief, and Damages*
### (Against Defendant Temple)

- Petitioner is diagnosed with PTSD, as Serious Persistent Mental illness (SPMI) in Oregon (see Note 1), as well as a qualified disability pursuant to ORS 659A.104 and the standard set by Title II of the Americans with Disabilities ACT (ADA)42 U.S.C. § 12102 because his disability substantially limits major life activities (i.e. sleeping, interacting with others, etc.).
- Evidence of petitioner's disability was sufficient for the state habeas court (Osborne v. Reyes 22cv38171) to rule him mentally ill by *clear and convincing evidence*, a high bar. The court's opinion also affirmatively satisfied ORS 426.130§(1)(a)(A), Oregon's mental illness disability relief statute. For subsequent mandamus proceedings (e.g. *Osborne v. Reyes* 24cv40198) defendants acknowledges ORS 426.130 satisfied.
- Petitioner has also been diagnosed with Traumatic Brain Injury (TBI) due to prison assault injuries, resulting in a loss of mobility (a qualified disability). TBI is a qualified disability pursuant to ORS 410.715 and 42 U.S.C.A. § 12101. In its opinion, the state habeas corpus court noted in its opinion petitioner had been mobility restricted to a wheelchair.
- Based upon the state court's opinion affirmatively satisfying ORS 426.130, petitioner sought its enforcement by mandamus petition, *id*, to provide disability relief by enforcement of ORS 426.130. Defendant Temple presided as mandamus proceeding judge.
- Title II ADA, imposes an affirmative obligation upon state and local governments to make its programs and services available to disabled individuals. Furthermore, a public entity may not disregard the plight or distress of a disabled individual. 42 U.S.C.A. § 12131(2); 28C.F.R.§35.150(a); *Alexander v. Cholate* 469 US 287, 295 (1985).

- Upon satisfaction of ORS § 426.130 petitioner was in distress because from that point forward he was unlawfully restrained of his liberty, but lawfully entitled to statutory relief and, as a disabled individual sought disability relief. Beyond ADA rights, Art.1§20 of the Oregon Constitution as well as the 14th Amendment's equal protection clause guarantees ORS 426.130 shall be equally enforced.
- Defendant intentionally ignored disability and constitutional rights, the fact she previously ruled petitioner disabled in her habeas court opinion (*Osborne v. Reyes* 22cv38171 p.3), as well as her duty as judge to fairly and equitably administer justice, refusing to enforce ORS 426.130, depriving petitioner (as prisoner) of disability relief. Defendant Temple, under color of law, knowingly inflicted undue distress, unnecessary and unwarranted pain and suffering, mental anguish, loss of income, and other injuries to be proven at trial.
- Defendant Temple knew or should have known, as any competent judge would, refusal to enforce an affirmatively satisfied disability relief statute violates federal law (i.e. ADA) as well as federal rights (14th Amendment). When it is clear to a "reasonable officer that his conduct was unlawful in the situation he confronted, then qualified immunity does not apply. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).", *Hope v. Pelzer* 536 US 730, 752 (2002) (internal punctuation omitted). Thus, defendant Temple is not immune from liability for unlawful color of law conduct outside the scope of a state judge's authority.
- Defendant Temple assumed that because petitioner is a disable prisoner she could capriciously deprive him the opportunity to participate (and benefit) from the State's own disability relief statute (ORS 426.130), which is guaranteed available to every citizen pursuant to the ADA and the US Constitution's equal protection clause.

## VIII DEMAND FOR JURY TRIAL

PLAINTIFF DEMANDS A JURY TRIAL.

## IX REQUESTED RELIEF

- Issue a declaratory judgment that:

  1) ORS 426.130 is an enforceable Oregon statute pursuant to the equal protection clause of the fourteenth Amendment;

  2) ORS 426.130 §(1)(a)(A) contains no prior-commitment enforcement element;

  3) ORS 426.130 §(1)(a)(A)(i)(ii) has no contingency where a court need determine whether treatment requires release to obtain treatment;
- Vacate the Osborne v. Reyes 24cv40198 judgment, being based upon fraud;
- Issue a preliminary injunction, pending final resolution of this action ordering:
  1) Plaintiff's immediate release from state custody;
  2) Prohibition of any defendant or state agent/officer/official/employee retaliating, rearresting, harassing or detaining in any way, or initiating new criminal charges against plaintiff;
- Issue a permanent injunction, ordering:
  1) Plaintiff's immediate and permanent release from state custody pursuant to ORS 426.130§(1)(a)(A);
  2) State case(s) against plaintiff dismissed pursuant to ORS 426.130§(1)(a)(A);

3) Permanent prohibition of any defendant or state agent/officer/official/employee retaliating, rearresting, harassing or detaining in any way, or initiating new criminal charges against plaintiff;

- Award plaintiff compensatory damages against defendants in an amount to be proven at trial;
- Award plaintiff punitive damages against defendant in an amount to be proven at trial and, sufficient to deter future defendant misconduct;
- Award plaintiff his court costs, litigation expenses, reasonable attorneys' fees and, nominal pre- and post-judgment interest;
- Retain jurisdiction to ensure compliance with all orders entered herein;
- Grant such other relief as this Court may deem just and proper, including applicable interest upon judgment upon granting relief for both pre- and post-judgment injury.

Plaintiff respectfully requests this Honorable Court issue a preemptory injunction pursuant to ex parte Young for ongoing injuries, as fast as time permits.

Respectfully submitted,

William Frank Osborne
SID # 22559896
Deer Ridge Correctional Institution
3920 E Ashwood Rd
Madras, OR 97741

William Frank Osborne [signature]

Date: October 20, 2026,

**NOTE 1**

See OAR 308-036-0105, OAR 309-091-0005 and OAR 419-110 0010) for affirmation Oregon recognizes PTSD as a serious persistent mental illness (SPMI).

**NOTE 2**

**ORS 426.130 §(1)(a): Court determination of mental illness**

(1) After hearing all of the evidence, and reviewing the findings of the examiners, the court shall determine whether the person has a mental illness and is in need of treatment. If, in the opinion of the court, the person:
(a) Is a person with mental illness based upon clear and convincing evidence, the court:
(A) Shall order the release of the person and dismiss the case if:
(i) The person is willing and able to participate in treatment on a voluntary basis; and
(ii) The court finds that the person will probably do so.
(B) May order conditional release under this subparagraph subject to the qualifications and requirements under ORS 426.125. If the court orders conditional release under this subparagraph, the court shall establish a period of commitment for the conditional release.
(C) May order commitment of the person with mental illness to the Oregon Health Authority for treatment if, in the opinion of the court, subparagraph (A) or (B) of this paragraph is not in the best interest of the person. If the court orders commitment under this subparagraph:
(i) The court shall establish a period of commitment.
(ii) The authority may place the committed person in outpatient commitment under ORS 426.127.
(D) Shall order that the person be prohibited from purchasing or possessing a firearm ...

**NOTE 3**

"In *Ex parte Youngl,* the Court held that the Eleventh Amendment does not bar an action seeking prospective relief against a state official for a violation of federal law. *See* 209 U.S. at 159–60, 28 S.Ct. 441. Because a state officer who violates federal law acts outside the scope of her authority, she is "not the State for sovereign-immunity purposes" and is subject to a federal court's injunctive power. *Va. Off. for Prot. & Advoc. v. Stewart*, 563 **U.S**. 247, 254, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011). Nonetheless, an action brought under *Ex parte Young* "is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 **U.S**. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The doctrine thus rests on a well-known paradox: "unconstitutional conduct by a state officer may be 'state action' for purposes of the Fourteenth Amendment yet not attributable to the State for purposes of the Eleventh." *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 **U.S**. 670, 685, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982) (citation omitted).", *R.W. v. Columbia Basin College* 77 F.4th 1214, 1220 (9th Cir.2023).

For a suit to proceed under ***Ex parte Young***, the plaintiff must allege—not prove—an ongoing violation of federal law for which she seeks prospective injunctive relief. *Koala v. Khosla*, 931 F.3d 887, 895 (9th Cir. 2019).

**NOTE 4**

- "Fraud is a question of fact ... [that] cannot be sustained", Brown v. Laird 134 Or. 150, 159-160 (1930).
- Instead of providing the court any fact it could rely upon to affirm defendants' claim ORS 426.130 §(1)(a) does not apply to plaintiff because he had not first been civilly committed, defendants pled:
  1) "[T]hat statute applies, when a party initiated civil commitment proceedings", requiring a court determine "if facts outlined in applicable statutes for civilly committing someone have been met";

2) "Or.Rev.St.§ 426.130 applies to someone in custody pursuant to civil commitment".

Nowhere in ORS 426.130 §(1)(a) did the Oregon legislature add text supporting this claim. Compare statute text in Note 2. *Misrepresentation* may include "an affirmative misstatement, an intentional failure to disclose material facts that may or may not have been intended to deceive, or a combination of both.", *In re Hiller,* 298 Or. 526, 532–33, 694 P.2d 540 (1985).

"[W]hen a statute enumerates the things which it is to operate, or forbids certain things, it is to be construed as excluding from its effect all those not expressly mentioned.", *Taylor v. Taylor*, 70 Or. 510, 525 (1914) (emphasis added). Statute words "speak for themselves", *Berry Transport v. Heltzel,* 202 Or. 161, 166-167, 272 P.2d 965 (1954). Thus, ORS 426.130 §(1)(a) cannot contain any legal commitment element because the word is not expressly mentioned in the subparagraph. Defendants failed to disclose this fact. It is a material misrepresentation of fact or law to omit a fact "necessary to make the statement considered as a whole not materially misleading", *In re Conduct of Magar* 296 Or. 799, 813 (1984) (emphasis added). Even a "half-truth or silence can be as much a misrepresentation as a lie").", *In re Conduct of Huffman* 331 Or. 209, 215 (2000) (emphasis added).

No legal mechanism exists in Oregon law enabling refusal to enforce ORS 426.130 §(1)(a) upon satisfaction and defendants already admitted: "[P]arts of the statute are arguably satisfied here based on the Court's opinion in the habeas corpus matter [Osborne v. Reyes 24cv40198]", exhibit C p.3.

- ORS 426.130 §(1)(a)(C) establishes commitment cannot be a pre-condition to statute enforcement (i.e. release) inasmuch pursuant to the subparagraph (as Oregon law) i) a court must first determine whether A) RELEASE or B) CONDITIONAL RELEASE is not in the best interest of the person. See Note 2 for statute text. Thus, defendants' alleging plaintiff must first be civilly committed for statute enforcement is simply not true pursuant to Oregon law, and thus a fraudulent misrepresentation of statute text.
- Defendants additionally fraudulently misrepresented the treatment element of RS 426.130 §(1)(a)(A)(i)(ii) by claiming: "His petition is based on ORS 426.130, which sets forth a statutory scheme under which Oregon trial courts assess whether a person with mental illness needs treatment and whether such a need requires that person to be released from custody." (underlined text is again is NOT found in the Oregon Legislature's construction of ORS 426.130).

As Orgon attorneys, defendants Rosenblum, Rayfield, Hallman and Toulman, and Does 1-10 have a sworn professional duty to act honestly, refraining from deceit, misrepresentation or fraud (ORPC Rule 8.4(a)(3)); engage in conduct prejudicial to the administration of justice (ORPC Rule 8.4(a)(4)); or participate in the creation or presentation of evidence when a lawyer knows, or it is obviously false (DR 7-102(6)).

Likewise, defendants Reyes and Sunquist, as ODOC officers/employees, have a sworn duty to be "honest and truthful …be exemplary in obeying the law", DOC Policy 20.1.2 Code of Ethics CD 1382.

There is significant evidence from past disregard of professional ethics in prior court proceedings to assume defendants will continue their pattern of fraudulent misrepresentation for these proceedings and, is the primary reason to seek declaratory judgment relief regarding what precisely the Oregon legislature intended (and excluded) when enacting 426.130 §(1)(a)(A).

# Fed.R.Civ.P. 15(d) SUPPLEMENTAL COMPLAINT AFFIDAVIT

I, William Frank Osborne, being first duly sworn on oath, depose and say: That I make this Affidavit on connection with the legal action Osborne v. Kotek 3:26-cv-01551-mc; that,

■ Plaintiff sought the administration of justice (State program/service) to compel the court to enforce Oregon law based upon the Osborne v. Reyes 22cv38171 (2024) court opinion affirmatively satisfying elements of ORS 426.130§(1)(a)(A) necessary for its enforcement.

■ Plaintiff believes defendants discriminated against him, depriving him the opportunity to participate (and benefit) from administration of justice enforcement of Oregon's own disability relief statute ORS 426.130 by outright refusal to equitably administer justice and enforce ORS 426.130, or conspired to interfere with the administration of justice.

Dated this 20 day of October, 20 26.

William Frank Osborne
(Signature)

State of Oregon

County of Jefferson

Signed and sworn to (or affirmed) before me on Oct. 20th, 2026 by William Frank Osborne

[signature]
Notary Public – State of Oregon

OFFICIAL STAMP
EVELYN ANNETTE CURRENT
NOTARY PUBLIC-OREGON
COMMISSION NO. 1061721
MY COMMISSION EXPIRES SEPTEMBER 07, 2029

My commission expires: September 7th 2029